NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO JAVIER GUTIERREZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 20-71101 Agency No. A205-464-700 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and MILLER, Circuit Judges.

Francisco Javier Gutierrez, a citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' dismissal of his appeal from an immigration

judge's denial of his application for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). We have jurisdiction

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252(a)(1), and we deny the petition.

1.     Substantial evidence supports the Board's determination that the proposed social group of "MS-13 gang members in El Salvador who leave the gang" lacks social distinction. *See Garay Reyes v. Lynch*, 842 F.3d 1125, 1138 (9th Cir. 2016) (upholding the Board's determination that the proposed social group of "former members of the Mara 18 gang in El Salvador who have renounced their membership" lacked social distinction); *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021). The record evidence does not "compel the conclusion that Salvadoran society considers former gang members as a distinct social group, e.g., distinct from current gang members . . . or from suspected gang members who face discriminatory treatment and other challenges in Salvadoran society." *Garay Reyes*, 842 F.3d at 1138. And none of the evidence on which Gutierrez relies describes the differences between MS-13 and Mara 18 as meaningful to Salvadoran society's perception of former members of those gangs.

2.     Substantial evidence supports the Board's no-nexus finding for Gutierrez's proposed social group of the "Gutierrez family in El Salvador." Gutierrez testified that MS-13 gang members attacked him because he tried to defect. The timing of the attack—just three days after he told the gang he was defecting—supports that inference. There is no evidence that his familial status was "a reason" for the attack, let alone a "central reason." *Barajas-Romero v.*

2

*Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). The same is true for the gang's attacks on Gutierrez's brother and nephew, whom the gang attacked for refusing to join.

3.      Substantial evidence supports the Board's decision to deny CAT relief. The immigration judge considered Gutierrez's credible testimony and general evidence of country conditions. Gutierrez does not contend that the gang's past mistreatment of him amounted to torture. *See* 8 C.F.R. § 1208.16(c)(3)(i); *see also Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) ("[T]orture is more severe than persecution and the standard of proof for the CAT claim is higher than the standard of proof for an asylum claim."). There also is no evidence that the local MS-13 clique that attacked Gutierrez knows his whereabouts or that the broader MS-13 organization has any interest in him. And the country-conditions evidence does not compel the conclusion that the gang likely would torture Gutierrez if it located him. The evidence therefore "does not establish that any step in this hypothetical chain of events is more likely than not to happen, let alone that the entire chain will come together to result in the probability of torture." *Medina-Rodriguez v. Barr*, 979 F.3d 738, 751 (9th Cir. 2020) (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 917–18 (A.G. 2006)).

4.      The Board's denial of CAT relief must stand even though the immigration judge inadvertently said "Guatemala" twice instead of "El Salvador" in denying relief. Both the immigration judge and the Board clearly understood El

3

Salvador to be the relevant country of removal. The immigration judge began his discussion of Gutierrez's CAT claim by recognizing that "[t]he evidence indicates that there is considerable crime and violence in El Salvador." In any event, "[a]ny error committed by the [immigration judge is] rendered harmless by the Board's application of the correct legal standard." *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995).

5.      As Gutierrez acknowledges, recent case law forecloses his argument that the agency lacked jurisdiction over his removal proceedings because his notice to appear did not include the hearing location. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir.), *cert. denied*, 141 S. Ct. 664 (2020); *accord United States v. Bastide-Hernandez*, 986 F.3d 1245, 1248 (9th Cir. 2021).

**PETITION DENIED.**